IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William Mathis, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-1127 |
| | ) | |
| v. | ) | Judge Tharp, Jr. |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for their Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and state as follows:

**STATEMENT OF FACTS**

Plaintiff initially filed his Complaint at Law in this matter on February 8, 2024. (ECF No. 1.) Thereafter, on February 13, 2024, Plaintiff filed his First Amended Complaint. (ECF No. 5.) In his Amended Complaint, Plaintiff purports to present claims under "Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and the Illinois Civil Rights Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1 et seq." (*Id.* at ¶ 1.) This is Counsel for Plaintiff's *second* active lawsuit in this Court specifically regarding the ramp in the "east tunnel," at issue in his Complaint. (*See Westmoreland v. Dart*, 23-cv-01851.)

As pled, Plaintiff's allegations are bereft of any specified time period or date in which the allegations are asserted to have occurred. There are no dates certain referenced in Plaintiff's pleadings, not even with regard to the date of alleged incidents, or the initiation of Plaintiff's in

the Cook County Department of Corrections ("CCDOC"), facts usually included at minimum in the many similar such lawsuits brought before this Court by Plaintiff's counsel. (*See, e.g.*, *Westmoreland v. Dart*, 23-cv-1851, ECF No. 1; *Hernandez v. Dart*, 23-cv-16970, ECF No. 1; *Walker v. Dart*, 20-cv-261, ECF No. 1.) This pleading failure necessitates dismissal of Plaintiff's complaint for failure to state a claim.

Further, Plaintiff's claims asserted under the Illinois Civil Rights Remedies Restoration Act are invalid, as the Northern District has ruled that the statute is not retroactive. *Mendoza v. Dart, et al.*, 20-cv-670, ECF No. 213. Any such claims are also barred by the Tort Immunity Act.

## LEGAL STANDARD

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To avoid dismissal, the complaint must sufficiently describe the claim to give the defendant fair notice of the claim and the grounds upon which it rests, and the complaint must include enough facts to state a claim to relief that is plausible on its face and rise above a speculative level. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 780 (7th Cir. 2007) ("The rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation."); *id.* (noting that fair notice "serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations"); *Jackson v. Am. Water Co.*, No. 20-cv-413-SPM, 2021 WL 135912 at *2-3 (S.D. Ill Jan. 14, 2021) ("[A] plaintiff cannot simply put a few words and phrases on paper to suggest that something illegal might have happened.") (citing *Swanson v. Citibank*, N.A., 614 F.3d 400 (7th

Cir. 2010)). Instead, a plaintiff must provide enough details about the subject matter of a case "to present a story that holds together." *Swanson*, 614 F.3d at 404.

When considering a motion to dismiss, courts evaluate whether a complaint has met its obligation to provide sufficient grounds for its entitlement to relief beyond a mere "formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under the ADA or Rehabilitation Act, a plaintiff must allege facts plausibly suggesting that he is a qualified person with a disability and "was denied the benefits of the services, programs, or activities" because of his disability. *Shuhaiber v. Ill. Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020) (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

## ARGUMENT

### I. Plaintiff Fails to State a Valid Claim Due to His Failure to Plead Concrete Dates or Times of Occurrences of the Alleged Conduct.

Plaintiff's Complaint fails entirely to specify any exact time frame or dates on which the alleged conduct occurred. Accordingly, Plaintiff fails to state a valid claim upon which relief can be granted, and this Court should dismiss all claims asserted against Defendants.

Nowhere in Plaintiff's Complaint is there an exact time span in which the allegations asserted are said to have occurred. Plaintiff does not even state the date on which his detainment with the Cook County Department of Corrections began. (ECF No. 5 at ¶ 2.) Plaintiff merely asserts that "[f]or several months, [he] has been housed in the Jail's Residential Treatment Unit (RTU) and has been prescribed a cane . . . to move from place to place." (*Id.* at ¶ 8.) Plaintiff also alleges that while assigned to the RTU, he "has been required to move up and down a steep ramp

in the lower level of the RTU known as the 'east tunnel.'" (*Id.* at ¶ 10.) "[B]ecause of the physical barriers, [Plaintiff] is unable to traverse [the] ramp on the same basis as non-disabled" detainees, and "has experienced pain and discomfort traversing" the ramp. (*Id.* at ¶ 16.) Plaintiff also alleges that he "is required to move up and down a steep and long ramp to attend medical appointments located in the lower level of Cermak." (*Id.* at ¶ 17.) This constitutes the entirety of Plaintiff's allegations asserting a right to relief.

Without more detail as to the specified time periods in which the conduct affecting Plaintiff is alleged to have occurred, Plaintiff has not satisfied the burden of notice pleading required by this Court. Defendants cannot be on notice of Plaintiff's claims when no date of occurrence or concrete injury has been specified. *See Jackson*, 2021 WL 135912 at *2-3 (dismissing complaint where allegations were "generic and did not provide specific conduct or dates where conduct occurred").

Such an unadorned complaint is prejudicial to Defendants because "[t]he purpose behind notice pleading is simply to provide a defendant with enough information to prepare a defense." *Sabratek Liquidating Inc., v. KPMG LLP*, 2002 U.S. Dist. LEXIS 7483 at *5 (N.D. Ill. April 26, 2002) (*citing Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999)). *See also, Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993). Defendants are unable to prepare a defense based on the Amended Complaint's less than bare bones allegations. Without knowing approximately when the alleged incident(s) took place, Defendants are unable to assemble witnesses, documents, medical records, video footage, or other materials that may be essential in answering the complaint, offering affirmative defenses, disproving Plaintiff's claims, or aiding in any of Defendants' other potential defenses or legal strategies.

Furthermore, Plaintiff does not allege that he has been unable to attend his medical appointments or has been deprived of any services on the basis of the slope of the ramp and his condition. *See Shuhaiber*, 980 F.3d at 1170 (affirming dismissal of complaint that alleged plaintiff's difficulties with facilities but failed to include facts that he was unable to access facilities or services on the same basis as other inmates); *see also Wagoner*, 778 F.3d at 593 (concluding that inconvenience of transport in a noncompliant van does not amount to denial of services).

Plaintiff has failed to provide fair notice to Defendants because he has not provided dates of Defendants' alleged conduct. Plaintiff has also failed to provide the date(s) of the alleged injuries incurred as a result of Defendants' conduct. Without such information, Defendants would be prejudiced in their ability to defend against and litigate the claims against them, and Plaintiff has not presented a valid claim for relief.

## II. **Plaintiff's Asserted Claims Under the Restoration Act are Invalid Because it is Not Retroactive**

Plaintiff's allegations pertaining to the Restoration Act also fail to state a claim because the Restoration Act is not retroactive. A sister court in the Northern District recently ruled, on March 4, 2024, in the matter entitled *Mendoza v. Dart, et al.*, 20-cv-670, ECF No. 213. ("[P]laintiff's motion for leave to amend the complaint is denied on futility grounds because [the Restoration Act] is not retroactive."). Without providing any analysis, Plaintiff's Amended Complaint alleges that his claims fall under the Restoration Act, despite that the conduct, while never specifically dated, is clearly alleged in some way to have occurred before the Act came into effect, on January 1, 2024. Plaintiff's allegations fail, and any claims brought under the Restoration Act should be dismissed.

Under the Restoration Act, violations of federal discrimination statutes, including the ADA and Rehabilitation Act, "constitute a violation of this Act." 775 ILCS 60/15. While the Restoration

Act permits damages for "past, current, and future monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonmonetary losses, and any amount that may be determined by a jury, or a court sitting without a jury[,]" it does not say that it permits damages for violations that predate the Act itself. 775 ILCS 60/20.

Prior to March 4, 2024, no court had yet determined whether the Restoration Act was retroactive. This changed when the Honorable Jeremy C. Daniel ruled that it was *not* retroactive in the matter entitled *Mendoza v. Dart, et al.*, 20-cv-670, ECF No. 213. Even without Judge Daniel's opinion, the default presumption is that a statute acts prospectively only. *Landgraf v. USI Film Products*, 511 U.S. 244, 272 (1994); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) (Generally, "[r]etroactivity is not favored in the law[.]"). Though, a clear legislative intent to apply a statute retroactively can defeat this default rule. *Id.* at 280.

Here, the Illinois General Assembly did not state that the Restoration Act is retroactive; therefore, it could not be clearer. This substantive new state law claim addresses the rights of plaintiffs to protection from violations of the Rehabilitation Act and ADA, inter alia, which *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022) changed. Unlike procedural statutes, the Restoration Act does not regulate the behavior of lawyers or judges in order to make the process of litigation fair and efficient. Instead, it instructs that due to the decision in *Cummings*, Illinois now permits a plaintiff to receive a statutory minimum of $4,000 for any of violation of the Restoration Act, and it was enacted to promote general welfare, deter unlawful conduct, encourage victims of discrimination to vindicate their rights, and ensure access to the courts. Finally, the Act tells readers what sorts of sanctions they face for failing to obey the statute. So, as the Seventh Circuit found in *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 536 (7th Cir. 2007), the

Restoration Act is a substantive act which shapes behavior occurring outside the courtroom, like Plaintiff's addition of such as a claim in his First Amended Complaint.

The Restoration Act provides a new substantive state law claim for plaintiffs and is not simply a remedial statute. *Compare Clanton v. United States*, 943 F.3d 319, 324 (7th Cir. 2019) (remedial statutes are a category distinct from both substantive and procedural statutes). If the Illinois General Assembly wanted the Restoration Act to apply retroactively, they could have said so, or at least made it effective immediately. "'[A] statute that has an express delayed implementation date but is otherwise silent as to temporal reach will be applied prospectively.'" *Gilmore v. Carey*, 2017 IL App (1st) 153263 (quoting *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 23)). Here, the delay in the effective date (January 1, 2024) from when it was passed (June 30, 2023) is clear evidence that the Restoration Act was not intended to apply retroactively to claims occurring before the date of its enactment, as is the case herein.

Therefore, any claims brought by Plaintiff under the Restoration Act should be dismissed because it is not retroactive and does not apply to Plaintiff's claims in his instant lawsuit, which occurred before January 1, 2024, when the Restoration Act came into effect. Consequently, this Court should dismiss Plaintiff's claims alleged under the Restoration Act and dismiss Defendants from all claims.

### III. Plaintiff's Claims Under the Restoration Act Also Fail Because Defendants are Shielded from Liability by Multiple Sections of the Tort Immunity Act

Plaintiff's claims based on the Restoration Act should also be dismissed because multiple sections of the Tort Immunity Act apply. The Tort Immunity Act exists to "protect local public entities and public employees from liability arising from the operation of government." 745 ILCS 10/1-101(a). The Restoration Act expressly states that the "[s]tate waives sovereign and Eleventh Amendment of the United States Constitution immunity for any violation of this Act," but the

Restoration Act is deafeningly silent on the Tort Immunity Act. 775 ILCS 60/30. Nowhere in the Restoration Act did Defendants, Cook County and the Sheriff, waive any immunities.

      a. **Section 2-202 of the Tort Immunity Act**

The Tort Immunity Act protects Illinois governmental workers and entities from liability for acts of negligence. 745 ILCS 10/2-202. A municipality in Illinois is liable only for the willful and wanton acts of its employees. *Gordon v. Degelmann*, 29 F.3d 295, 299 (7th Cir. 1994) (citing 745 ILCS 10/2-202). According to Illinois law, "[w]illful and wanton misconduct is essentially aggravated form of negligence, regarded as a hybrid between conduct considered negligent and conduct considered intentionally tortious." *Sparks v. Starks*, 367 Ill. App. 3d 834, 837 (1st Dist. 2006). The Tort Immunity Act defines willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Id.* at 838 (internal quotations omitted).

Here, the Court should dismiss Plaintiff's claims under the Restoration Act because Plaintiff does not even allege willful and wanton conduct on behalf of Defendants, and any liability for acts of negligence is protected by the Tort Immunity Act.

      b. **Section 2-109 of the Tort Immunity Act**

Additionally, under the Tort Immunity Act "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. Generally, there is no personal liability under Title II of the ADA or the Rehabilitation Act. *see Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court was … correct to dismiss [the individual defendants sued] in their individual capacity for the discrimination and retaliation claims arising directly under the Rehabilitation Act and the ADA."); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b);

42 U.S.C. § 12131) ("[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA.").

Here, Plaintiff does not allege any claims against an individual defendant. Also, because an employee cannot be held liable under Title II of the ADA or the Rehabilitation Act, and because the Tort Immunity Act grants immunity to local public entities where an employee is not liable, the Tort Immunity Act shields Defendants from liability under the Restoration Act for any injuries resulting from alleged violations of the ADA and Rehabilitation Act.

    c. **Section 4-103 of the Tort Immunity Act**

Under the Tort Immunity Act, a local public entity also cannot be held liable for a state law claim based on a "failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein." 745 ILCS 10/4-103. This provision shields Defendants from state tort liability. *Dunn v. Cnty. of Will*, 18 C 6304, 2019 WL 1953049, at *13 (N.D. Ill. May 2, 2019) (citing *Schneider v. Cnty. of Will*, 528 Fed. Appx. 590 (7th Cir. 2013) (affirming dismissal of state law tort claim against sheriff for holding detainee ten days after he should have been released); *Kelderhouse v. Fox*, 05 C 4503, 2006 WL 2560855, at *10 (N.D. Ill. Aug. 31, 2006) ("Section 4-103 appears to provide both county sheriff and public employees with absolute immunity should they fail to sufficiently supervise the jail or inspect prisoners.")). Immunity under Section 4-103 applies "regardless of whether the alleged conduct was willful and wanton." *Dunn*, 2019 WL 1953049, at *13 (citing *Jefferson v. Sheahan*, 279 Ill. App. 3d 74, 77 (1st Dist. 1996)) ("Section 4-103 does not provide an exception for conduct found to be willful and wanton[.]"). Courts have held that claims based on an alleged failure to keep a jail in a "safe and reasonable" condition are barred by Section 4-103 of the Tort Immunity Act. *Isaacs v. St. Clair Cnty. Jail*, 08-0417-DRH, 2009 WL 211158, at *5-6 (S.D. Ill.

Jan. 29, 2009) (citing 745 ILCS 10/4-103). Also under Section 4-103, claims based on a local public entity's "failure to train correction officers ... are barred by the Illinois Tort Immunity Act as they involve [the local public entity's] failure to provide sufficient personnel and supervision." *Hawkins v. St. Clair Cnty.*, No. 07-142-DRH, 2009 WL 10726383, at *25 (S.D. Ill. Mar. 31, 2009).

Here, Section 4-103 would apply to any potential allegations by Plaintiff pertaining to any alleged failure by Defendants to provide a safe and reasonably sufficient facility for Plaintiff, and/or to train officers on how to comply with the ADA and Rehabilitation Act.

    d.  **Section 3-103 of the Tort Immunity Act**

Section 3-103 is another applicable provision of the Tort Immunity Act herein. Section 3-103 reads as follows:

> A local public entity is not liable under this Article for an injury caused by the adoption of a plan or design of a construction of, or an improvement to public property where the plan or design has been approved in advance of the construction or improvement by the legislative body of such entity or by some other body or employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved. The local public entity is liable, however, if after the execution of such plan or design it appears from its use that it has created a condition that it is not reasonably safe.

745 ILC 10/3-103. This provision shields Cook County from liability based on any allegations about the physical structures and construction at the RTU and the East Tunnel.

As a result, multiple sections of the Tort Immunity Act apply to Plaintiff's proposed claim brought under the Restoration Act and any claims alleged under such statute fail.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed for failure to state a valid claim.

WHEREFORE, Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, respectfully request that this Court enter an order

dismissing Plaintiff's Complaint for failure to state a claim, or otherwise dismissing Plaintiff's claims asserted under the Restoration Act.

Respectfully submitted,

*/s/ Zachary G. Stillman*
One of the Attorneys for the Defendant(s)

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that above **Defendants' FRCP 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint** was filed on March 7, 2024, with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/ Zachary Stillman*
Zachary Stillman