IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William Mathis, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 24-cv-1127 |
| -*vs*- | ) | |
| | ) | Judge Tharp, Jr. |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff William Mathis is currently detained at Cook County Jail under booking number 2023-0407079. He requires a cane to move from place to place. Plaintiff Mathis alleges defendants violate his rights under the Americans with Disabilities Act (ADA) because he must move up and down non-compliant ramps in the Residential Treatment Unit (RTU) and Cermak.

Defendants Sheriff and Cook County move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the "allegations are bereft of any specified time period or date in which the allegations are asserted to occur" and a claim under the Illinois Civil Rights Remedies Restoration Act, 755 ILCS 60, is invalid because a district court has ruled "the statute is not retroactive" and any such claim is barred by the Tort Immunity Act. Dkt. 11, Motion at 1-2. Plaintiff respectfully requests that the Court deny defendants' motion for the following reasons.

### I. Complaint provides "fair notice" of alleged wrongdoing

Defendants argue the complaint should be dismissed under Rule 12(b)(6) because the complaint "failed to provide fair notice to Defendants because he has not provided dates of Defendants' allege conduct." Dkt. 11, Motion at 5. Defendants contend this is so prejudicial because "Defendants are unable to assemble witnesses, documents, medical records, video footage, or other materials that may be essential in answering the complaint, offering affirmative defenses, disproving Plaintiff's claims, or aiding in any of Defendants' other potential defenses or legal strategies." Dkt. 11, Motion at 4. The Court should reject this argument for the following reasons.

First, the complaint alleges that plaintiff "William Mathis is an inmate at the Cook County Department of Corrections assigned booking number 2023-0407079." Dkt. 5, Amended Complaint ¶ 2. When the operative complaint was filed, plaintiff had been housed in the RTU "[f]or several months." *Id.* ¶ 8. The housing in the RTU presented a problem, according to plaintiff, because he was required to move up and down a steep ramp in the lower level. *Id.* ¶¶ 10-16. Plaintiff alleges he suffered harm because he was unable to move up and down this non-compliant ramp on the same basis as non-disabled inmates and experienced pain. *Id.* at ¶ 16.

Defendants, based on plaintiff's booking number, know exactly where plaintiff has been housed since April 7, 2023, when he was processed into the

-2-

Cook County Jail.[1] The "Bed Assignment Associated View" shows plaintiff was housed in Division 08 (also known as the RTU) from December 10, 2023 until February 18, 2024 and again from February 22, 2024 until February 29, 2024. Exhibit 1, Bed Assignment Associated View. Plaintiff remains at Cook County Jail and the Sheriff's webpage shows Mathis is presently housed in Division 2, Dorm 2. Exhibit 2, Individual in Custody Information (available at https://iic.ccsheriff.org/ (last visited April 9, 2024)).

Moreover, defendants have detailed records showing each time plaintiff was moved from his cell to various parts of the Jail, including the Cermak Infirmary. These records show plaintiff was moved from his cell to Cermak on December 1, 2023, December 4, 2023, December 10, 2023 and January 11, 2024. Exhibit 3, Movement History Associated View at 1. Plaintiff anticipates moving to Cermak at least one time each month because he receives regular injections at Stroger to treat pituitary tumors caused by acromegaly. Cermak serves as the staging area for detainees who are transported outside the Jail for medical treatment.

Defendants' argument that the complaint does not provide sufficient notice about "dates of Defendants' alleged conduct," *see* Dkt. 11, Motion at 5, and therefore warrants dismissal should be rejected. A complaint must provide "a

---

[1] Plaintiff supplements the allegations of the complaint in accordance with *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), and *Bishop v. Air Line Pilots Ass'n, Intl.,* 900 F.3d 388, 399 (7th Cir. 2018). *See also Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint").

short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), sufficient to provide the defendants with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The operative complaint provides "fair notice" that plaintiff, a person with a mobility disability, alleges movement up and down non-compliant ramps in the RTU and Cermak violate his rights.

Second, defendants have ample knowledge of the ramps at issue in this case. On December 6, 2023, Cook County received a report from Globetrotters Engineering Corporation (GEC) that acknowledged the Cermak ramp is not compliant with the ADA standards because the rise is over 30 inches and the ramp does not have an intermediate landing. Exhibit 4, GEC Cermak Report at 3. It also violates the ADA because the handrails are not continuous. *Id.* Additionally, Cook County hired GEC to prepare a report that the East Tunnel Corridor in the RTU does not comply with the ADA. Exhibit 5, GEC RTU Report at 10-11. Thus, defendants' argument they do not have notice about the various ramps at issue in this case is misplaced.

## II. Plaintiff adequately plead a claim under the Illinois Restoration Act

On January 1, 2024, the Illinois Civil Rights Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1 *et seq.*, became effective and was passed in response to *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022). The Restoration Act states that "[f]or decades, courts and juries have awarded damages for emotional distress for violations of federal civil rights statutes" and that "[a]s a result of the *Cummings* decision, an individual whose civil rights have

-4-

Case: 1:24-cv-01127 Document #: 16 Filed: 04/10/24 Page 5 of 8 PageID #:45

been violated will be left without the full range of remedies once available." 775 ILCS 60/5. Therefore, the express "purpose of this [Restoration] Act is to restore in Illinois the full enjoyment of the civil rights unjustly limited by the U.S. Supreme Court in *Cummings*." 775 ILCS 60/5(c), 60/10.

To that end, the Restoration Act provides that any violation of the ADA or Rehabilitation Act "shall constitute a violation" of the Restoration Act. 775 ILCS 60/15. Additionally, claims for violation of the Restoration Act "may be filed in any court of competent jurisdiction" and Illinois has waived "sovereign and Eleventh Amendment of the United States Constitution immunity for any violation." 775 ILCS 60/30.

Defendants argue the claims under the Illinois Restoration Act are invalid "because the Restoration Act is not retroactive." Dkt. 11, Motion at 5. This argument deserved little consideration because plaintiff remains incarcerated at the Jail and contends his rights under the ADA continue to be violated.[2] As explained above, the Sheriff's records show plaintiff traversed the allegedly inaccessible ramps on January 11, 2024, and plaintiff supplements the allegations with evidence he regularly traverses the Cermak ramp because he receives injections for a pituitary tumors at Stroger Hospital. This conduct has occurred after January 1, 2024, the date defendants concede the Restoration Act came into effect, *see* Dkt. 11, Motion at 7, and therefore defendants' argument all conduct occurred prior to January 1, 2024, is misplaced.

---

[2] Plaintiff seeks to represent a class under Rule 23(b)(2) of the Civil Rules of Civil Procedure to seek relief from ongoing harm. *See* Dkt. 5, Amended Complaint ¶ 23.

-5-

Finally, defendants argue the Tort Immunity Act shields defendants from any liability under the Restoration Act. Dkt. 11, Motion at 7. This argument, however, is misplaced. The Tort Immunity Act does not provide immunity for a local government to violate the ADA.

The Restoration Act merely provides a remedy for a violation of the ADA that Illinois legislature determined was "unjustly limited by the U.S. Supreme Court in *Cummings*." 775 ILCS 60/5(c), 60/10. Indeed, the Restoration Act makes plain a violation of "Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. 12132 et seq.) . . . shall constitute a violation of this Act." 775 ILCS 160/15.

The Illinois Tort Immunity Act "grants only immunities and defenses" to "protect local public entities and public employees from liability arising from the operation of government." *See* 745 ILCS 10/1-101.1(b). Defendants cite no authority and plaintiff's counsel has not identified any support for the rule the Illinois Tort Immunity Act grants local government "immunities and defenses" for violating the ADA. And plaintiff seeks relief in the form of a class under Rule 23(b)(2) and the text of the Tort Immunity Act does not apply to injunctive relief. *Rivera v. City of North Chicago*, 2021 WL 323794, at *9 (N.D.Ill. 2021) (Durkin, J.) (citing 745 ILCS 10/2-101 ("Nothing in this Act affects the rights to obtain relief *other than damages* against a local public entity or public employee.") (emphasis added)).

The specific sections of the Tort Immunity Act cited by defendants demonstrate they are inapplicable. For example, defendants say Section 2-202

-6-

"protects governmental workers and entities from liability for acts of negligence." Dkt. 11, Motion at 8. Plaintiff, however, does not seek to impose liability under a negligence theory.

Defendants next argue Section 2-109 of the Tort Immunity Act, that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable," applies. Dkt. 11, Motion at 8. The defendants, however, concede this provision is not applicable because "an employee cannot be held liable under Title II of the ADA" and plaintiff merely seeks to hold defendants liable for violating the ADA. *See* Dkt. 11, Motion at 9.

Defendants also contend Section 4-103 of the Tort Immunity Act applies to "any potential allegations by Plaintiff pertaining to any alleged failure by Defendants to provide a safe and reasonably sufficient facility for Plaintiff and/or to train officers how to comply with the ADA and Rehabilitation Act." Dkt. 11, Motion at 10. This section does not apply. Plaintiff alleges the Cermak and RTU ramps must comply with "structural accessibility standards that apply to newly constructed or altered facilities subject to Title II and III," *see Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018), and defendants failed to bring these ramps into compliance. Defendants have no immunity for violating the ADA and the Restoration Act merely affords a remedy that the legislature determined was unjustly limited by the *Cummings* decision. 775 ILCS 60/5, 60/10.

Defendants' final argument that Section 3-103 of the Tort Immunity Act applies is undeveloped. *See* Dkt. 11, Motion at 10. Plaintiff seeks to hold defendants liable for having steep, non-compliant ramps in RTU and Cermak that

violate the ADA accessibility standards. The Seventh Circuit explained in *Lacy* that "[p]erhaps the most obvious example of such discrimination is when structural barriers prevent people with disabilities from accessing otherwise available public services." *Lacy*, 897 F.3d at 853. Plaintiff alleges the defendants have knowledge of the inaccessible ramps and Section 3-103 of the Tort Immunity Act provides a local entity is not shielded from liability if "it appears from its use that it has created a condition that is not reasonably safe." Section 3-103 of the Tort Immunity Act therefore does not apply.

### III. Conclusion

It is therefore respectfully requested that the Court deny defendants' motion to dismiss.

                Respectfully submitted,

/s/ Patrick W. Morrissey
    Thomas G. Morrissey, Ltd.
    10257 S. Western Ave.
    Chicago, IL 60643

*an attorney for plaintiff*