IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William Mathis, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | No. 24-cv-1127 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | Judge Tharp, Jr. |
| and Cook County, Illinois, | ) | |
| | ) | Magistrate Judge Gilbert |
| | ) | |
| *Defendants.* | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's order entered March 22, 2024, Dkt. 15, the parties file the following Status Report:

1. **Status of written discovery**

    a. **Discovery issued by Defendants**

Defendants served requests for admission, interrogatories, and a response to production. Plaintiff responded to all discovery.

   b. **Discovery issued by Plaintiff**

On May 10, 2024, plaintiff served a request for production. Defendants requested, and plaintiff's counsel agreed, to several extensions to respond to this discovery. A response to this request was served on June 21, 2024. Plaintiff reviewed the discovery and served a letter on June 23rd regarding various disputes. *See* Exhibit 1, P.Morrissey. Some of these disputes, including material regarding the status of renovating the non-

compliant Cermak ramp and identifying putative members of the class, is critical for the plaintiff to move for class certification and/or seek injunctive relief. For example:

a. Request 11 seeks the identity of putative class members (people with a cane, crutch, or walker) who traversed the Cermak ramp from February 13, 2022. Defendant Sheriff did not produce any responsive documents and formulated the following boilerplate objection:

> **Response Objection. This Request for Production is premature, overly broad, unduly burdensome, and not reasonably calculated to leave to the discovery of admissible evidence, and disproportion or not in proportion to the needs of this case. Additionally, this Request is not limited to (1) those who traversed the tunnels using the Cermak ramp, or (2) those to whom something happened in the tunnels on the Cermak ramp.**

This is a putative class action and may be relevant for several reasons, including to address the question of numerosity, commonality, and typicality. Also, this information can be produced electronically by the Sheriff's Office; similar material was produced in *Walker v. Dart*, 20-cv-261, for people with an alert for a wheelchair who traversed the Cermak ramp.

b. Request 15 seeks documents, from March 1, 2024 to the present, regarding efforts to renovate the Cermak ramp. Defendant Cook County did not produce any responsive documents and instead provided the following response:

> **Response: No transfer package is going to be created for the Cermak ramp. GEC is in the process of completing a transfer package for the rest of Cermak Health Facility. However, the County has removed the Cermak ramp from the scope of this transfer package and is moving straight to Architect of Record Services for the Cermak ramp. The County will be delivering construction of the Cermak ramp via its Job Ordering Contracting ("JOC") Program. The JOC contractor, already under contract and approved by the Board of Commissioners, will begin pricing the construction of the ramp once the Architect of Record drawings are sufficiently complete for permit.**

    On June 24th at 4:59 p.m., defendant served a supplemental disclosure producing 7 pages. Plaintiff's counsel believes additional responsive information exists regarding this project.

c. Request 17 seeks grievances from putative class members regarding complaints of navigating the RTU and/or Cermak ramp using a wheelchair, walker, cane, or crutches from February 13, 2022 to the present. Defendant Sheriff formulates the following objections:

> **Response: Objection. This Request for Production is premature, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate or not in proportion to the needs of this case. Additionally, this Request is not limited to (1) those who traversed the tunnel to the RTU or using the Cermak ramp, or (2) those to whom something happened in the tunnel to the RTU or on the Cermak ramp.**
>
> **Additionally, CCDOC does not store grievances by subject matter or topic, but by individual IIC number. Accordingly, the grievances cannot be produced as requested.**

These objections are without merit given this is a putative class action. Grievances may establish defendants are on notice that the rights of mobility impaired detainees have been and continue to be violated. They may also be relevant to the question of numerosity.

Finally, defendant's position that CCDOC "does not store grievances by subject matter or topic, but by individual IIC number" and therefore "grievances cannot be produced as requested" is disputed by defendant's records. The Sheriff codes grievances regarding the ADA as "010 – A.D.A. Issues." Indeed, the documents produced Friday show plaintiff's ADA grievances were classified in this manner:

| CRW Received Date | Row # | CRW Name | Place Of Incident | Grievance Code Issue | IIC Name | IIC Booking # | IIC Received Response Date | Grievance Appealed | Grievance # |
|---|---|---|---|---|---|---|---|---|---|
| 12/13/2023 | 7 | DAVIS-HOBBS, BEYUNKA | Division 8 RTU | 174 - Living Conditions (mold/fungus) | Mathis, William | 20230407079 | 12/28/2023 | Yes | 202318509 |
| 12/18/2023 | 8 | DAVIS-HOBBS, BEYUNKA | Division 8 RTU | 010 - A.D.A. Issue | Mathis, William | 20230407079 | 1/5/2024 | Yes | 202318633 |

List of Grievances by CRW Received from 1/1/2023 to 4/9/2024

Additionally, all ADA grievances are provided to the Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, for a review and/or investigation. *See* Policy 148.10 ("All public complaints and grievances received shall be forwarded to the ADA Compliance Officer") *produced as* DR 001233. In the past, the Sheriff has produced grievances to my office based on the Grievance Code.

### c. Discovery issued by Plaintiff that is not yet due

On May 31st, plaintiff served another request for production seeking video of inmates traverse either the RTU east tunnel ramp or the Cermak ramp. Plaintiff's counsel believes this video may show plaintiff or putative class members traverse the allegedly non-compliant ramps. This response is not yet due.

On June 21st, plaintiff served another request for production seeking video of the Cermak ramp on June 20, 2024, between 2:30 pm and 5:00 pm. On information and belief, plaintiff Mathis traversed the ramp during this period.

### 2. Depositions

Plaintiff's Position

Prior to finalizing requested depositions, plaintiff's counsel needs to resolve disputes regarding production of the above identified documents along with similar documents outlined in plaintiff's June 23rd letter. *See* Exhibit 1.

Based on the current information, plaintiff intends to depose Bradley DeRoo (misspelled Dareaux on plaintiff's Rule 26(a) Disclosure), a project manager for Cook County Capital Planning and Policy, and Kate Susmilch, a consultant for Cook County Capital Planning. Each may have knowledge about the ADA violations and efforts, if any, to remedy the non-compliant ramps.

Plaintiff also seeks to depose Sabrina Rivero-Canchola, the Sheriff's ADA Compliance Officer, and Eric Davis (the Deputy Director of Capital Planning and Policy). However, prior to setting these depositions plaintiff requests production of documents that defendants have objected to producing, including information about the number of putative class members, inmate grievances, and documents regarding plans to construct the ramp.

Plaintiff also has requested a date for plaintiff Mathis to be deposed. He is currently incarcerated at the Jail and plaintiff's counsel seeks to be in-person with plaintiff Mathis during this deposition. Plaintiff's counsel has no objection if defendants wish to appear remotely.

Finally, plaintiff's counsel disclosed six putative class members (inmates with canes, crutches, or walkers who traversed either the Cermak or RTU east ramp). Several of these witnesses have executed declarations about the hardship traversing the ramps. Plaintiff's counsel is available to schedule these depositions if defense counsel desires to take them.

Defendants' Position

Defendants previously posed to Plaintiff's Counsel to have Plaintiff's deposition at the end of July. A final date is still being determined at this time, but it is likely that this will be the case.

Defendants wish to wait for the results of the Court's ruling on their pending Motion to Dismiss, before proceeding with scheduling the depositions of the six alleged putative class members. Defendants have not yet agreed to Plaintiff's request to depose newly disclosed witnesses Bradley DeRoo (misspelled by Plaintiff as Dareaux), Kate Susmilch, and Grace Rappe.

3. **Rule 26(a)(2) disclosures**

Plaintiff Proposes November 15, 2024, for expert disclosures and January 10, 2025, to complete expert depositions.

4. **Settlement**

Plaintiff's counsel believes it would be prudent to hold a settlement conference, particularly given the request for injunctive relief.

Respectfully submitted,
/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

/s/*Troy S. Radunsky*
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230

                                          Chicago, Illinois
                                          312-300-4479
                                          tradunsky@devoreradunsky.com
                                          jdevore@devoreradunsky.com