THOMAS G. MORRISSEY, LTD.
ATTORNEY AT LAW
10257 SOUTH WESTERN AVE
CHICAGO, ILLINOIS 60643
773-233-7000

THOMAS G. MORRISSEY
TGM@MORRISSEYLAWCHICAGO.COM
PATRICK W. MORRISSEY
PWM@MORRISSEYLAWCHICAGO.COM

**By Email**

Troy S. Radunsky
Jason E. DeVore
Zachary Sillman
DeVore Radunsky LLC
230 W. Monroe St., Suite 230
Chicago, IL 60606

Re:   *Mathis v. Dart, 24 C 1127*

June 23, 2024

Dear Counsel:

We are in receipt of defendants' response to production served on June 21, 2024. I write to outline some, but not all, concerns we have regarding defendants' responses:

a. Paragraph 11 seeks the identity of putative class members (people with a cane, crutch, or walker) who traversed the Cermak ramp from February 13, 2022. Defendant Sheriff did not produce any responsive documents and formulated the following boilerplate objection: the request is "premature, overly broad, unduly burdensome, and not reasonably calculated to leave to the discovery of admissible evidence, and is disproportion or not proportional to the needs of this case. Additionally, this Request is not limited to (1) those who traversed the tunnels using the Cermak ramp, or (2) those to whom something happened in the tunnels on the Cermak ramp." This is a putative class action and may be relevant for several reasons, including to address the question of numerosity, commonality, and typicality. Also, this information can be produced electronically by the Sheriff's Office; similar material was produced in *Walker v. Dart*, 20-cv-261, for people with an alert for a wheelchair.

b. Paragraph 15 seeks documents, from March 1, 2024 to the present, regarding efforts to renovate the Cermak ramp. Defendant Cook County did not produce any responsive documents and instead provided the following response:

> No transfer package is going to be created for the Cermak ramp. GEC is in the process of completing a transfer package for the rest of Cermak Health Facility. However, the County has removed the Cermak ramp from the scope of this transfer package and is

Exhibit 1 Page 1

  moving straight to Architect of Record Services for the Cermak ramp. The County will be delivering construction of the Cermak ramp via its Job Ordering Contracting ("JOC") Program. The JOC contractor, already under contract and approved by the Board of Commissioners, will begin pricing the construction of the ramp once the Architect of Record drawings are sufficiently complete for permit.

This request seeks defendant to produce documents. No documents have been produced. For example, are there any documents that supports the response "[n]o transfer package is going to be completed for the Cermak ramp"? Are there any documents corroborating the statement "[t]he County will be delivering construction of the Cermak ramp via its Job Order Contracting ("JOC") Program" or that the JOC contractor "will begin pricing the construction of the ramp once the Architect of Record drawings are sufficiently complete for permit"?

c. Paragraph 17 seeks grievances from putative class members regarding complaints of navigating the RTU and/or Cermak ramp using a wheelchair, walker, cane, or crutches. Defendant Sheriff formulates the following objections:

  This Request for Production is premature, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate or not in proportion to the needs of this case. Additionally, this Request is not limited to (1) those who traversed the tunnel to the RTU or using the Cermak ramp, or (2) those to whom something happened in the tunnel to the RTU or on the Cermak ramp.

We do not believe these objections have merit. This is a putative class action, and grievances are relevant to put defendants on notice that the rights of mobility impaired detainees have been and continue to be violated. Additionally, this information may be relevant to class ascertainability. In *Lacy v. Cook County*, 897 F.3d 847 (7th Cir. 2018), the Seventh Circuit held the class was ascertainable and was "confident that the balance tips in favor of certification" given the number of detainees assigned wheelchairs and that Defendant had not suggested how many could not be injured under the ADA." *Id.* at 864.

Finally, defendant's position that CCDOC "does not store grievances by subject matter or topic, but by individual IIC number" and therefore "grievances cannot be produced as requested" is disputed by defendant's records. The Sheriff codes grievances regarding the ADA as "010 – A.D.A. Issues." Indeed, the documents produced Friday show plaintiff's ADA grievances were classified in this manner:

Exhibit 1 Page 2

List of Grievances by CRW Received from 1/1/2023 to 4/9/2024

| CRW Received Date | Row # | CRW Name | Place Of Incident | Grievance Code Issue | IIC Name | IIC Booking # | IIC Received Response Date | Grievance Appealed | Grievance # |
|---|---|---|---|---|---|---|---|---|---|
| 12/13/2023 | 7 | DAVIS-HOBBS, BEYUNKA | Division 8 RTU | 174 - Living Conditions (mold/fungus) | Mathis, William | 20230407079 | 12/28/2023 | Yes | 202318509 |
| 12/18/2023 | 8 | DAVIS-HOBBS, BEYUNKA | Division 8 RTU | 010 - A.D.A. Issue | Mathis, William | 20230407079 | 1/5/2024 | Yes | 202318633 |
| 3/8/2024 | 9 | ADAMS, JAMAL | Division 2 | 010 - A.D.A. Issue | Mathis, William | 20230407079 | 3/20/2024 | No | 202402837 |
| 3/19/2024 | 10 | ADAMS, JAMAL | Null | 480 - Other | Mathis, William | 20230407079 | Null | No | NC202401090 |

Additionally, all ADA grievances are provided to the Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, for a review and/or investigation. *See* Policy 148.10 ("All public complaints and grievances received shall be forwarded to the ADA Compliance Officer") *produced as* DR 001233. In the past, the Sheriff has produced grievances to my office based on the Grievance Code assigned by the Sheriff's Office. We therefore request defendant to withdraw these objections and produce the requested grievances.

d.  Paragraph 20 seeks documents, from February 13, 2022 to the present, that "an employee of either the Sheriff and/or Cook County provided an accommodation to an individual with an alert for a cane, crutch, or walker traverse the Cermak ramp." Defendant Sheriff formatted the following objection and produced no documents:

> This Request for Production is premature, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case. Additionally, this Request is not limited to (1) those who traversed the tunnels using the Cermak ramp, or (2) those to whom something happened in the tunnels on the Cermak ramp.

It is undisputed the Cermak ramp, based on the GEC assessment, is not compliant with the ADA. We request defendant to produce responsive documents. This material may be relevant to plaintiff's request for injunctive relief.

We appreciate your anticipated cooperation in addressing the above references matters.

Exhibit 1 Page 3

Sincerely,

Patrick W. Morrissey

Exhibit 1 Page 4