IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Mathis, | ) |
| | ) |
|     *Plaintiff,* | ) |
| | )   24-cv-1127 |
|     -vs- | ) |
| | )   Magistrate Judge Gilbert |
| Thomas Dart, Sheriff of Cook County, et al., | ) |
| | ) |
|     *Defendants.* | ) |

**PLAINTIFF'S MOTION TO COMPEL THE SHEIRFF OF COOK COUNTY TO PRODUCE INMATE GRIEVANCES**

    Plaintiff William Mathis, by counsel, moves to compel defendant Sheriff of Cook County to produce inmate grievances in accordance with Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure.

    Grounds for this motion are as follows:

  1. Plaintiff alleges that he is substantially limited in the ability to move from place to place and has traversed ramps that fail to comply with the ADA structural standards in the lower level of Cermak and the Residential Treatment Unit (RTU). Dkt. 5, Amended Compliant ¶¶ 7, 10-22. Plaintiff seeks to represent a class of inmates prescribed a cane, crutch, or walker who traverse each ramp. *Id.* at ¶¶ 23-24.

  2. In order to recover damages, plaintiff must establish deliberate indifference, meaning that defendants had "(1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon

that likelihood." *Lacy v. Cook County*, 897 F.3d 847, 863 (7th Cir. 2018) (cleaned up).

3.  Grievances from other disabled individuals concerning movement up and down the ramps at issue in this case are discoverable for two reasons. First, the grievances may be important to establish deliberate indifference; that defendants knew other disabled people complained of barriers traversing the ramps and took no action to remedy the ongoing discrimination. Second, the grievances may be relevant for plaintiff to demonstrate the proposed class satisfies the Rule 23 requirements of numerosity, typicality, and commonality. Plaintiff, after all, "bears the burden of showing that a proposed class satisfies the Rule 23 requirements, but . . . [i]t is sufficient if each disputed requirement has been proven by preponderance of the evidence." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (cleaned up).

4.  Plaintiff served a request for the Sheriff to produce grievances relating to complaints by disabled people (prescribed a cane, crutch, walker, or wheelchair) traversing each ramp during the proposed class period. The request, identified as request number 17, and the Sheriff's response served on June 21, 2024, is reproduced below:

> 17.   From February 13, 2022 to the present, all inmate grievances (and any response) complaining of traversing tramps in the RTU and/or Cermak using a wheelchair, walker, cane, or crutch.

>    **RESPONSE:** **OBJECTION. This request for production is premature, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate or not in proportion to the needs of this case. Additionally, this Request is not limited to (1) those who traversed the tunnel to the RTU using the Cermak ramp, or (2) those to whom something happened in the tunnel to the RTU or on the Cermak ramp.**
>
>    **Additionally, CCDOC does not store grievances by subject matter or topic, but by individual IIC number. Accordingly, the grievances cannot be produced as requested.**

Exhibit 1, Sheriff's Response to Paragraph 17 of the Request to Produce.

   5. As an initial matter, the Sheriff's objection that grievances are not stored by subject matter or topic is a misstatement. ADA grievances, pursuant to the Sheriff's policy, are assigned code "101 ADA Issues" and provided to Sabrina Rivero-Canchola, the Sheriff's ADA Compliance Officer.

   6. Sheriff's Policy 148, titled "Communication and Interaction with Individuals with Disabilities," states "[a]ll public complaints and grievances received shall be forwarded to the ADA Compliance Officer." Exhibit 2 at 8, Policy 148.10. And the Sheriff's "Grievance Code Issue," as reflected on an electronic database pertaining to plaintiff's grievances, is "010" for plaintiff's ADA issues. Exhibit 3 at 3. Indeed other grievances regarding

-3-

moving up and down these ramps, obtained by plaintiff's counsel from putative class members, are all coded "010:"[1]

    a. Raasikh Phillips's grievance complaining of traversing the ramps from RTU to Cermak using a walker is coded as "10 ADA issues" Exhibit 4, Phillips Grievance at 1-2.

    b. Antoine Pierce filed a grievance regarding pain caused traversing the Cermak ramp using a cane is coded by the Sheriff as "10 ADA issues." Exhibit 5, Pierce Grievance at 1-2.

7. In other litigation, the Sheriff gathered grievances by subject matter. For example, in *Dennis v. Dart,* 18-cv-2217, the Sherif was ordered to produce detainee dental grievances covering a nine-month period limited to one dental clinic at Cook County Jail.[2] *See* Exhibit 6, Transcript from 10/4/2018 motion hearing in *Dennis v. Dart*, 18-cv-2217 at 5:12-6:14.

8. The Sheriff's Office, therefore, is mistaken that it is not capable of identifying grievances by "subject matter or topic."

9. The Sheriff's boilerplate objection, that production of grievances is "premature, overly broad, unduly burdensome, not reasonably calculated

---

[1] The Sheriff's computer system classifies these grievances by code "010." *See* Exhibit 3 at 3. When jail staff handwrite this code, they generally use the abbreviated code "10 ADA issue" such as the handwritten notation on plaintiff's grievance. *See* Exhibit 9 at 3, Mathis Grievance.

[2] *Dennis* was a single plaintiff dental case where Judge Ellis ordered defendant Sheriff to produce dental grievances for a nine-month period covering one dental clinic.

to lead to the discovery of admissible evidence, and disproportionate or not in proportion to the needs of this case," should be disregarded. *See Kinon Surface Design v. Hyatt International Corp.*, 2021 WL 3511312, at *3 (N.D. Ill. 2021) (Cole, MJ) ("[u]nsupported, unamplified, boilerplate objections, like 'overly broad' or 'unduly burdensome' will not be countenanced; they are tantamount to making no objections at all.").

10. Grievances, as explained above, may be relevant to the question of deliberate indifference. If the records, for example, show the Sheriff receives a stream of grievances regarding movement up and down these ramps, it may show the Sheriff has notice the disabled community faces discrimination each time they move up and down the ramps. *See Lacy*, 897 F.3d at 853 ("[p]erhaps the most obvious example of such discrimination is when structural barriers prevent people with disabilities from accessing otherwise available public services."). The district judge in *Dennis* explained why this type of discovery may be relevant in the context of an allegation of widespread delays to be evaluated by a dentist for a painful toothache:

> One of the ways by which plaintiff would be able to prove that or show that is to look at other individuals who are at the jail and whether they timely received dental treatment. If when you look, you know, there are 3,000 individuals housed in a particular unit that plaintiff was living in and, you know, of those 3,000 individuals you have two grievances for not receiving dental care in a timely manner, it's going to be hard for plaintiff to show pattern and practice. On the other hand, if you have a significant number of grievances of people saying

>they had to wait, you know, six months, nine months to see the dentist and this is their third grievance and they still haven't seen anybody, that's another story. That's why those grievances are relevant, because he's got a pattern and practice Monell claim against the county.

Exhibit 6, Transcript from 10/4/2018 motion hearing in *Dennis v. Dart*, 18-cv-2217 at 5:19-6:7.

11. Grievances also may be relevant to the question of whether this case should be certified as a class action. One element plaintiff must establish is that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). If, for example, there are a number of grievances regarding inmates using a cane, crutch, or walker move up or down the ramps, it may satisfy plaintiff's burden regarding numerosity. Moreover, if the grievances raise similar complaints as Antoine Pierce and Raasikh Phillips, that moving up and down the ramps caused pain and/or hardship, it may demonstrate commonality and typicality are satisfied. *See* Exhibit 4, Phillips Grievance at 1; Exhibit 5, Pierce Grievance at 1;

12. As for the Sheiff's objection the request is not limited to "(1) those who traversed the tunnel to the RTU or using the Cermak ramp, or (2) those to whom something happened in the tunnel to the RTU or on the Cermak ramp," plaintiff respectfully requests that the Court overrule this objection. The request is for grievances complaining about moving up or down either the RTU ramp or the Cermak ramp by individuals with an auxiliary aid to assist with mobility.

13. The parties conferred by telephone on June 26, 2024, where defense counsel suggested that inmate grievances are not relevant until after this case is certified. Plaintiff's counsel, respectfully, requests that the Court reject this position. In cases such as this one "where plaintiffs have not yet filed a motion for class certification, discovery may be used to help determine whether the class can properly be certified, particularly with respect to" Rule 23's threshold requirements of numerosity, commonality, typicality, and adequacy of representation. *Miner v. Gov't Payment Serv.*, *Inc.* No. 14-cv-7474, 2017 WL 3909508, at *3 (N.D. Ill. Sept. 5, 2017). "Discovery must be sufficiently broad to give plaintiff a realistic opportunity to meet the requirements of class certification, but at the same time, a defendant should be protected from overly burdensome or irrelevant discovery." *Id.* at *4 (quoting *Loy v. Motorola, Inc.,* No. 03-cv-5519, 2004 WL 2967069, at *3 (N.D. Ill. Nov. 23, 2004)).

It is therefore respectfully requested that the Court order defendant Sheriff to produce inmate grievances as requested in paragraph 17 of plaintiff's request for production.

        Respectfully submitted,

/s/ Patrick Morrissey
    Thomas G. Morrissey, Ltd.
    10257 S. Western Ave.
    Chicago, IL. 60643
    (773) 233-7900
    pwm@morrisseylawchicago.com
    *Attorney for Plaintiff*

## LOCAL RULE 37.2 CERTIFICATION

Under penalty of perjury, the undersigned counsel certifies the following statements are true:

1. On June 26, 2024, plaintiff's counsel had a phone conversation with Mr. Radunsky and Mr. Stillman, counsel for the Sheriff, regarding production of inmate grievances. During the call, defense counsel said defendant Sheriff will not produce any inmate grievances and suggested that if a class is certified this position may be reconsidered. This conversation was memorialized by an e-mail sent by the undersigned attorney on June 26, 2024. Exhibit 7, P.Morrissey e-mail sent 6/26/2024 at 5:03 pm.

2. On July 8, 2024, the undersigned attorney had another phone call at 2:30 pm with Mr. Stillman. Defense counsel confirmed the Sheriff will not agree to produce inmate grievances. Exhibit 8, P.Morrissey e-mail sent 7/8/2024 at 3:15 pm.

3. After consultation in person and good faith attempts to resolve differences, the parties are unable to reach an accord.

/s/ Patrick Morrissey