1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAWAYNE DENNIS,               ) No. 18 C 2217
            Plaintiff,        )
     vs.                      ) Chicago, Illinois
THOMAS DART, Sheriff of Cook  )
County, et al.,               ) October 4, 2018
            Defendants.       ) 1:45 p.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HON. SARA L. ELLIS

APPEARANCES:

For the Plaintiff:    MR. PATRICK W. MORRISSEY
                      Thomas G. Morrissey, Ltd.,
                      10150 South Western Avenue,
                      Chicago, Illinois  60643

For Defendant Dart:   MS. KELLY M. CRONIN
                      Sanchez, Daniels & Hoffman, LLP,
                      333 West Wacker Drive, Suite 500,
                      Chicago, Illinois  60606

For Defendant Kahn:   MS. JOI KAMPER
                      Cook County State's Attorney's Office,
                      69 West Washington Street, Suite 2030,
                      Chicago, Illinois  60602

PATRICK J. MULLEN
Official Court Reporter
United States District Court
219 South Dearborn Street, Room 1412
Chicago, Illinois  60604

---

2

THE CLERK: 18 C 2217, Dennis versus Dart.

MS. CRONIN: Good afternoon, Your Honor. Kelly Cronin for the defendants.

MS. KAMPER: Joi Kamper for defendant Kahn.

THE REPORTER: I'm sorry. I didn't hear you.

MS. KAMPER: Sorry. Joi Kamper for defendant Kahn.

MR. MORRISSEY: Good morning, Your Honor. Patrick -- or good afternoon. Patrick Morrissey on behalf of the plaintiff.

THE COURT: All right. Good afternoon. Okay. So what's the status with regard to the motion to compel?

MR. MORRISSEY: Your Honor, there hasn't been much progress on the motion to compel. The plaintiff wants to limit the grievances requested, Judge, to the dental clinic that serviced plaintiffs' housing division, which would narrow the request down. I think that would be appropriate because the issue with the sheriff and the county is the widespread practice of delayed access to dental care. The chief dentist for the county said that the one way she was aware of complaints is that if the inmate submits a grievance when she sits for a deposition. So I think that's an important way for plaintiff to meet its burden that there's a delay in dental care.

THE COURT: All right. What's the status on settlement? Have you been discussing that at all?

---

3

MR. MORRISSEY: We have, Your Honor. Plaintiff was deposed on Monday. There was a settlement position by the defendants, plaintiff responded, and I haven't heard a response from the defendants. I can provide the Court with the numbers if you want.

THE COURT: All right.

MS. CRONIN: Your Honor, we did file a response to plaintiff's motion to compel. I don't know if you had seen that as well. It's included in the joint motion.

THE COURT: Oh, yes.

MS. CRONIN: Okay.

THE COURT: I thought you meant something separate. Okay. With regard to settlement, where are the defendants?

MS. CRONIN: Your Honor, I don't have any information about settlement right now. My colleague is on trial, and it's her case. So she didn't -- I'm here just to argue the motion. I'm sorry. I don't have any information with regard to settlement.

THE COURT: All right.

MS. CRONIN: But I can certainly relay the message.

THE COURT: All right. So we're looking at about eight months of grievances, eight to nine months of grievances, somewhere around there?

MR. MORRISSEY: Yes, Your Honor.

MS. CRONIN: Yes, Your Honor.

---

4

THE COURT: Okay. Plaintiff is seeking the grievances only from just where he was, is that correct?

MR. MORRISSEY: Based on the motion, Your Honor, and the position of the defendants, the plaintiff will limit it to the RT dental clinic, which is the dental clinic that was responsible for his treatment during this entire nine-month period.

THE COURT: Okay. How many clinics are operating at the jail?

MR. MORRISSEY: There are about six.

THE COURT: Okay. So it's just one of the six.

MR. MORRISSEY: Yes, Your Honor.

THE COURT: All right. And you're just asking for the grievances themselves.

MR. MORRISSEY: Yes, Your Honor.

THE COURT: All right.

MS. CRONIN: Your Honor, can I respond?

THE COURT: Yes.

MS. CRONIN: Just so Your Honor is aware, we did give him a grievance that's related to the plaintiff himself, and our position is that these grievances filed by other detainees aren't going to be relevant to his damages or his experience or even someone's notice of his grievances. They're not related.

Further, they're protected health information and we don't have consent from those detainees to give out that

Exhibit 6 Page 1

5

1  information, even if we enter a protective order.  I mean,
2  there could be potentially private information in those
3  grievances regarding their health.  You know, our position is
4  it's just not relevant in any way to plaintiff's injury and the
5  damages noticed.
6         THE COURT:  Okay.  So, you know, with regard to any
7  protected information, we can take care of that by producing
8  them, you know, attorney's eyes only and under a
9  confidentiality order.  It's not difficult to enter a
10 confidentiality order.
11        MS. CRONIN:  Oh, I understand.
12        THE COURT:  That's pretty simple.  So that's not a
13 problem.  What plaintiff is alleging, though, if you look at
14 claim 1 in the complaint, his claim is that Cook County has a
15 policy or a widespread practice where dental treatment is
16 delayed and that there are delays essentially built into the
17 way that the jail handles requests to receive dental treatment
18 and that it is systemic.
19        One of the ways by which plaintiff would be able to
20 prove that or show that is to look at other individuals who are
21 at the jail and whether they timely received dental treatment.
22 If when you look, you know, there are 3,000 individuals housed
23 in a particular unit that plaintiff was living in and, you
24 know, of those 3,000 individuals you have two grievances for
25 not receiving dental care in a timely manner, it's going to be

6

1  hard for plaintiff to show pattern and practice.  On the other
2  hand, if you have a significant number of grievances of people
3  saying they had to wait, you know, six months, nine months to
4  see the dentist and this is their third grievance and they
5  still haven't seen anybody, that's another story.  That's why
6  those grievances are relevant, because he's got a pattern and
7  practice Monell claim against the county.
8         So I think the fact that it's limited in time in that
9  it's only nine months, that it's limited in scope in that it's
10 just the one housing unit, the clinic that's attached to the
11 one housing unit where plaintiff was residing at the time, I
12 think that that is fairly reasonable in time and scope and
13 doesn't put an undue burden on the county to get those
14 grievances.  How long will it take to get those?
15        MS. CRONIN:  If I can have 28 days, that would be
16 appreciated.
17        THE COURT:  Sure.
18        MS. CRONIN:  I have to work with several other people.
19        THE COURT:  Sure.
20        THE CLERK:  November 1st.
21        MS. CRONIN:  Okay.
22        MR. MORRISSEY:  Your Honor, just to clarify, it's one
23 dental clinic that services the three different buildings.
24        THE COURT:  Okay.  That's fine.  So it's that clinic,
25 the grievances that went to clinic.  To clarify, it's not

7

1  limited to the one specific housing unit.  I think it would
2  probably be even harder to sort through the grievances than to
3  sort them by unit.  So it's just all grievances for that clinic
4  for that time period.  Okay?
5         MS. CRONIN:  Okay.  Thank you, Judge.
6         THE COURT:  All right.  Then I'll see you back here
7  November 6th.
8         MR. MORRISSEY:  Your Honor, we have a discovery
9  deadline at the end of October.  The attorney for the county is
10 in agreement, and we're working on some discovery issues he's
11 having a delay with his client in producing some documents.
12        THE COURT:  If on November 6th we need to set a new
13 date, that's fine.  We can do that.  Just tell me when we get
14 there how much longer you think you need.  Okay?
15        MR. MORRISSEY:  Thank you, Your Honor.
16        MS. CRONIN:  Thanks, Your Honor.
17     (Proceedings concluded.)
18              C E R T I F I C A T E
19        I, Patrick J. Mullen, do hereby certify that the
   foregoing is a complete, true, and accurate transcript of the
20 proceedings had in the above-entitled case before the Honorable
   SARA L. ELLIS, one of the judges of said Court, at Chicago,
21 Illinois, on October 4, 2018.
22              /s/ Patrick J. Mullen
                Official Court Reporter
23              United States District Court
                Northern District of Illinois
24              Eastern Division
25

Exhibit 6 Page 2