# Patrick Morrissey

| | |
|---|---|
| **From:** | Patrick Morrissey |
| **Sent:** | Wednesday, June 26, 2024 5:03 PM |
| **To:** | Zachary Stillman; Troy Radunsky; Thomas Morrissey |
| **Cc:** | Jason DeVore; Law Clerks |
| **Subject:** | RE: Mathis | JSR |
| **Attachments:** | email from zac explaining list.pdf |

Troy and Zach,

I write following our phone call this afternoon at about 1:30 pm. During this call, we discussed a few issues and defendants requested me to follow up on the call regarding plaintiff's request for putative class members who traversed the RTU and Cermak ramps with a cane, crutch, or walker. During this call, I believe we reached agreement on the following matter:

- Rather than provide the names of putative class members who traversed the Cermak and RTU ramps, defendants proposed to provide the number of people who traversed each ramp as a compromise to plaintiff's request to produce paragraphs 11 and 12. We agreed, at this stage of the litigation, this proposal will be acceptable so long as defendants provide, from February 13, 2022 to the present: (1) the total number of people with an alert for a cane, crutch, or walker who are reflected as moving to the Cermak building; and (2) the total number of people with an alert for a cane, crutch, or walker who have been assigned to the RTU building. Similar information was produced in *Walker v. Dart*, where defense counsel produced a list of people identified as having a wheelchair alert who were moved to Cermak. An email from the Walker defense counsel (Zachary Pestine dated 5/28/2021) is attached that explains this information was pulled. I believe during the phone call, defense counsel agreed this information is ascertainable. Defendants requested about 10 days to provide an update regarding this matter.

We also discussed plaintiff's request for grievances during the putative class period. During the call, it is my understanding defendants maintain this information is not relevant at this stage because the case has not been certified as a class action. I explained that we believe defendants can reasonably produce responsive documents by searching grievances by the ADA Code and producing responsive documents regarding inmates complaining of traversing the ramps using a cane, crutch, or walker.

Finally, we discussed depositions during the phone call. Defendants suggested that we can do some depositions in person and requested a compromise about which depositions to proceed in person. Defendants also said that plaintiff's counsel is free to subpoena witnesses that are not under control of defendants Sheriff and Cook County.

On a related matter, we did not discuss plaintiff's request for material regarding the Cermak ramp renovations. Based on the documents produced Monday, particularly DR 002347, we believe there are additional responsive documents.

Please let me know if any portion of this e-mail misrepresents today's conversation.

Pat

**From:** Patrick Morrissey
**Sent:** Monday, June 24, 2024 7:31 PM
**To:** Zachary Stillman <zstillman@devoreradunsky.com>; Troy Radunsky <tradunsky@devoreradunsky.com>; Thomas