IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William Mathis, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-1127 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) | Magistrate Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for their Response to Plaintiff's Motion to Compel, state as follows:

**INTRODUCTION**

Plaintiff's Motion to Compel asks this Court to compel Defendants' production of "grievances ... complaining of traversing tramps [sic] in the RTU and/or Cermak using a wheelchair, walker, cane, or crutch". (ECF No. 23-1, Pl's Ex. 1, ¶ 17.) That request is now moot. Accordingly, Plaintiff's Motion to Compel should be denied.

When Defendant Sheriff Dart served his June 21, 2024, Responses to Plaintiff's First Set of Requests for Production, several objections were asserted in response to Request No. 17, seeking the referenced grievances, leading to the present dispute. In the time since the parties conferred pursuant to Rule 37.2, on June 26, 2024, and July 8, 2024, Counsel for Defendants were able to confer with their clients and determine the feasibility of pulling all ADA coded grievances in order to produce those related to the ramps. It was then determined that the number of grievances

being dealt with numbered well below two hundred, and Defendants commenced work on review of such grievances, resulting in identification of eleven grievances for production. In short, Defendant Sheriff agree to search for and produce all grievances concerning navigation of ramps by persons using canes, crutches or walkers between February 12 2022, through the present, consistent with the class definition.

Subsequently, on July 22, 2024, Counsel for Defendants served Plaintiff with Defendant Sheriff Dart's First Supplemental Response to Plaintiff's First Set of Requests for Production, No. 17, as well as the requested responsive grievance documents. A copy of the Supplemental Response and email correspondence regarding the same is attached hereto as **Exhibit A**. While personal identifying information is redacted on the grievances produced, during a subsequent phone conversation between Counsel for Defendants, Zachary Stillman, and Counsel for Plaintiff, Patrick Morrissey, it was clarified that Defendants would agree to reproduce in unredacted form the grievances authored by detainees already disclosed by Plaintiff in this case.

Defendants have been extremely forthcoming with Plaintiff regarding the documents in their possession, and explained to Plaintiff what responsive documents can be produced regarding detainees, aside from Plaintiff. Specifically, Defendants have clearly advised that production of any identifying information of putative class member detainees, outside of those already identified and disclosed by Plaintiff's counsel, is premature unless or until class certification is granted. Defendants remain willing to produce information related to Plaintiff's claims related to class certification, including data on total numbers of inmates matching plaintiff's specified requests and conditions, and ADA-coded grievances relating to the at-issue ramps. Defendants have made numerous concessions during the course of Discovery relating to production of alternative

materials to provide responsive information to Plaintiff, while protecting information of detainees that are unrelated to this case.

Yet, despite Defendants' efforts and the offered concessions here, including the referenced supplemental production and discussion to that effect, Plaintiff has refused to withdraw this Motion. Plaintiff's counsel instead insists that Defendants must produce additional materials that Plaintiffs believe must exist, despite Defendants' clarifications and explanations otherwise, as well as reproduce responsive documents in unredacted form. Accordingly, Defendants ask this Court to deny Plaintiff's Motion as moot.

## ARGUMENT

**I.     Plaintiff's Motion to Compel is Moot**

Plaintiff's Motion seeks the production of grievances relating to complaints about traversing the RTU and Cermak Ramps by detainees that use wheelchairs, walkers, canes, or crutches, for the proposed class period of February 12, 2022, through present. As of July 22, 2024, Defendants have produced such requested materials to Plaintiff, current through July 11, 2024. *See* **Ex. A.** Accordingly, Plaintiff's Motion is now moot, and should be therefore denied by this Court.

**II.    Plaintiff's Remaining Requests are Premature**

Plaintiff's remaining issue lies in the redactions made to the produced documents. Defendants have proposed the reproduction of those grievances drafted by detainees already disclosed as witnesses, but this was not enough for Plaintiff, despite the fact that only three of the eleven grievances are from detainees who have not been disclosed by Plaintiff either in the instant matter, or in other lawsuits filed Plaintiff's counsel. Redaction is also currently proper to protect third parties' identities, pursuant to 5 U.S.C. § 552(b)(7)(C). *See also Silets v. U.S. Dept. of Justice*, 945 F.2d 227, 229 (7th Cir. 1991).

Discovery of identifying information of other detainees is premature at this time. This Court has frequently ruled similarly, finding that pre-certification discovery should not exceed what is necessary to permit the court to make an informed decision on class certification. *Miner v. Gov't Payment Serv., Inc.*, 14-cv-7474, 2017 WL 3909508, *4 (N.D. Ill. Sept. 5, 2017); *see also Bilek v. Fed. Ins. Co.*, 21-CV-1651, 2022 WL 18912277, *3 (N.D. Ill. Dec. 12, 2022). Additionally, responding to class discovery "before the plaintiff [has] demonstrated the requirements for class certification frequently presents an undue burden on the responding party." *Bilek*, 2022 WL 18912277 at *3 (internal citations omitted).

Here, Plaintiff seeks non-essential additional private information that would amount to no more than handing over a list of putative new clients for Thomas G. Morrissey, Ltd., who, according to PACER, have filed eleven ADA lawsuits against Cook County and Sheriff Dart, just since January 1, 2022. While all but three of the eleven relevant ADA grievances identified from the sought period are disclosed witnesses or have been disclosed by Plaintiff's counsel in other cases, disclosure of the unredacted forms of those grievances would be premature and unnecessary at this stage of the litigation/discovery. No exception to the discovery or privacy rules (rules which would otherwise require redaction) is necessary here, where Plaintiff has been able to obtain the information needed estimate the number of potential class members and the substance of known complaints similar to that of the Plaintiff. Production of the redacted grievances gives the pertinent information needed to Plaintiff to seek a class, as well as potentially contributes to Plaintiff's arguments for several elements of class certification.

In *Miner*, also a putative class action matter, the plaintiff sought the court to allow discovery of contracts from numerous counties, including those not directly related to the individual claims, to allegedly prove an element of class certification. *Miner*, 2017 WL 3909508

at *4. The Motion to Compel there was ultimately denied in the interest of balancing the scope of class discovery with the requirements of Rule 26(b)(1)'s proportionality standard, with the court noting that such balance may be achieved by limitation of the requested discovery solely to evidence that would be necessary or helpful to the ruling on certification. *Id.*

Similarly, in *Bilek*, the plaintiff sought overbroad and expansive documents and information pertaining to identities of parties to phone calls made by the defendant and any third party acting on their behalf. *Bilek,* 2022 WL 18912277, at *1-5. The Court denied the motion there, noting that discovery in such instances should not be used as a sword to find identities of putative class members, but "'to help determine whether the class can properly be certified, particularly with respect to the threshold requirements of numerosity, common questions, and adequacy of representation.'" *Id.* at *3 (quoting *Miner*, 2017 WL 2909508, at *3 (internal citations omitted)).

Much like the courts in those instances, this Court is now faced with the need to limit discovery such that it does not exceed what is necessary to make an informed decision with regard to class certification. The identities of *additional* detainee witnesses are not necessary for this Court to make an informed decision, particularly where eleven known witnesses/class members have already been disclosed by Plaintiff thus far, with many of them also having submitted declarations, and talks of the occurrence of their depositions in the works. Plaintiff does not need the redacted names and identifying information because Plaintiff already has already identified nearly a dozen potential class members as witnesses. Plaintiff's current request does not pertain to witnesses that he needs at this time in support of class certification efforts, and the names of three additional inmates will not make or break his planned motion.

## CONCLUSION

In conclusion, pursuant to Defendants' July 22, 2024, Supplemental Response and Production, this Court should deny Plaintiff's Motion to Compel as moot.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Denying Plaintiff's Motion to Compel; and
2. Any other such relief as this court deems reasonable and just.

                                                Respectfully Submitted,

                              By:    */s/ Zachary G. Stillman*
                                        Zachary G. Stillman, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
service@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Response in Opposition to Plaintiff's Motion to Compel** was filed on July 24, 2024, with the Northern District of Illinois ECF System, serving a copy to all parties, and thereafter placed a file stamped copy in the mail to Plaintiff.

                                                */s/ Zachary Stillman*
                                                Zachary Stillman