IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Mathis, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | 24-cv-1127 |
| *-vs-* ) | |
| ) | Magistrate Judge Gilbert |
| Thomas Dart, Sheriff of Cook ) | |
| County, et al., ) | |
| ) | |
| *Defendants.* ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL THE
SHERIFF OF COOK COUNTY TO PRODUCE INMATE GRIEVANCES**

Plaintiff William Mathis, by counsel, files this reply in support of his
motion to compel the Sheriff to produce inmate grievances of putative
class members. Dkt. 23, Motion to Compel.

1.  After plaintiff filed the instant motion, defense counsel produced
eleven inmate grievances relating to moving up or down either the RTU
east tunnel ramp and/or the Cermak ramp with a cane, crutch, walker, or
wheelchair.

2.  Defendants insist the pending motion is "moot" because defense
counsel produced requested information. *See* Dkt. 25, Response at 3.
Plaintiff, respectfully, disagrees since defense counsel, unilaterally,
redacted the names and booking numbers of putative class members on
the inmate grievances.  Plaintiff neither requested nor agreed to redactions
of personal identifying information.

3.   Next, defendants argue it was proper to redact the grievances "to protect third parties' identifies, pursuant to 5 U.S.C. § 552(b)(7)(C). Dkt. 25, Response at 3. Plaintiff's counsel does not understand how a provision of the Administrative Procedure Act, applicable to federal agencies, requires that defendants redact personal identifying information in this litigation. Defendants' reliance on *Silets v. U.S. Dept. of Justice*, 945 F.2d 227, 229 (7th Cir. 1991), is inapposite since it addresses FOIA and a provision that a federal agency can withhold personal identifying information concerning private citizens. In this case, plaintiff seeks to represent a class of individuals at Cook County Jail and, pursuant to the Agreed Confidentiality Order entered on June 17, 2024, defense counsel may elect to produce these grievances "Confidential—Subject to Protective Order" in accordance with Paragraph 2. Dkt. 20, Agreed Confidentiality Order at 1-2. Plaintiff requests that the Court overrule defendants' position federal law prohibits disclosure of the identity of putative class members.

4.   Defendants also raise several arguments that production of "identifying information of other detainees is premature at this time" and production of unreacted grievances "would amount to no more than handling over a list of putative new clients for Thomas G. Morrissey, Ltd." *See* Dkt. 25, Response at 4. These arguments should be rejected.

5.   First, it is essential for plaintiff's counsel to be able to contact and confer with putative class members regarding their experience moving up

and down the ramps. This information, as explained in the motion, is

relevant for plaintiff to demonstrate each of the requirements of Rule 23 is

satisfied. *See* Dkt. 23, Motion at ¶ 3. For example, defendants produced a

grievance marked control # 2024 x 00603 where an inmate alleges he

used a walker to travel from RTU to Cermak and experienced hardship

using a ramp. Exhibit 1, Grievance marked control # 2024 x 00603 at 1. In

response to this grievance, the Sheriff's designee, ADA Compliance

Officer Sabrina Rivero Canchola, wrote "Detainee [redacted] is utilizing a

walker to ambulate from RTU to Cermak. Detainee [redacted] was walking

slowly, but without difficulty. At no times does detainee [redacted] tell the

movement officer that he is unable to walk using his walker." *Id.* at 2. The

identify of this putative class member is essential for plaintiff's counsel to

test the Sheriff's response whether this unknown detainee traversed the

ramp "without difficulty" and whether this unknown detainee communicated

with the movement officer regarding hardship using the ramp. Indeed, this

detainee squarely disputes the Sheriff's response stating, "I did in fact

inform moving officer that it was extremely hard to walk up the elevated

ramp..." *Id.* at 3.

6.   Unredacted information may also be relevant to prepare a motion

seeking classwide injunctive relief. One element necessary to obtain

injunctive relief is to demonstrate putative class members will suffer

irreparable harm and traditional legal remedies are inadequate. *Jones v.*

*Markiewicz-Qualkinbush*, 842 F.3d 1053, 1058 (7th Cir. 2016). To support this element, it may be important to obtain a statement from the detainee who submitted the grievance marked control # 2024 x 00603, *see* Exhibit 1, and other similarly situated individuals.

7. Defendants' reliance on *Miner v. Gov't Payment Serv., Inc.*, 2017 WL 3909508, at *4 (N.D. Ill. 2017) and *Bilek v. Fed. Ins. Co.*, 2022 WL 18912277, at *3 (N.D. Ill. 2022), for the rule "pre-certification discovery should not exceed what is necessary" is not applicable in this case. *See* Dkt. 25, Response at 4. *Miner* is distinguishable since the court did not permit discovery relating to contracts outside the scope of the proposed class. *Miner*, 2017 WL 3909508, at * 5 ("the Court directs Defendant to provide Plaintiff with copies of all contracts entered into between Defendant and any Illinois county that are valid or would have been valid within the time frame defined in the proposed class definition as set out in the amended complaint"). Here, plaintiff seeks unredacted grievances relating to moving up or down the two ramps at issue during the proposed class period, which is tailored to class issues. Moreover, *Bilek* is not persuasive since it concerned an overly broad class-wide request for extensive discovery at an early stage in the litigation prior to the filing of a Rule 26(f) report. *Bilek*, 2022 WL 18912277, at *3. Here, on the other hand, plaintiff seeks one category of documents, and the parties are in the middle of discovery with a fact discovery close date of October 31, 2024,

Dkt. 12, Joint Initial Status Report at 3; Dkt. 13, Minute entry (adopting

case management schedule in joint status report). The posture of this case

is different than *Bilek*.

8.   Finally, any suggestion that it would be too burdensome to produce

unredacted grievances, *see* dkt. 25, Response at 4, is unsupported. The

present dispute concerns the production of eleven grievances and

defendants make no showing that producing them in unreacted form is too

burdensome.

It is therefore respectfully requested that the Court order defendant

Sheriff to produce inmate grievances as requested in paragraph 17 of

plaintiff's request for production.

Respectfully submitted,

/s/  Patrick Morrissey
     Thomas G. Morrissey, Ltd.
     10257 S. Western Ave.
     Chicago, IL. 60643
     (773) 233-7900
     pwm@morrisseylawchicago.com
     *Attorney for Plaintiff*